UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1: 16-CV-00176-HBB

ANNETTE D. ANDERSON                                         PLAINTIFF

VS.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security                             DEFENDANT

## MEMORANDUM OPINION AND ORDER

### BACKGROUND

Before the Court is the complaint (DN 1) of Annette D. Anderson ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff (DN 13) and Defendant (DN 18) have filed a Fact and Law Summary.

Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 10). By Order entered January 17, 2017 (DN 11), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

FINDINGS OF FACT

On May 24, 2011, Plaintiff protectively filed an application for Supplemental Security Income Benefits (Tr. 134, 355). Plaintiff alleged that she became disabled on December 5, 2008 as a result of the following conditions: back problems/pain, asthma, high blood pressure, knee pain, joint pain, headaches, obesity, asthma, depression and anxiety, and posttraumatic stress disorder (PTSD) symptoms (Tr. 134, 402). On September 12, 2013, Administrative Law Judge Yvette N. Diamond ("ALJ") conducted a video hearing from Baltimore, Maryland (Tr. 12-51, 134). Plaintiff and her attorney, Charles Richard Burchett, participated from Bowling Green, Kentucky (Id.). James R. Newton, an impartial vocational expert, testified during the video hearing (Id.).

In a decision dated September 26, 2013 the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 134-42). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since May 24, 2011 the application date (Tr. 136). At the second step, the ALJ determined that Plaintiff has the following severe impairments: degenerative disc disease; obesity; headaches; depressive disorder; cocaine dependence in remission; and cannabis dependence, in remission (Id.). At the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Id.).

At the fourth step, the ALJ gave great weight to the examining source opinion of Michael Meade, M.D., and found that Plaintiff has residual functional capacity (RFC) to perform a reduced

range of light work because of her physical and mental limitations (Tr. 138). The ALJ found that Plaintiff has no past relevant work (Tr. 140).

The ALJ proceeded to the fifth step where he considered Plaintiff's RFC, age, education, and past work experience as well as testimony from the vocational expert (Tr. 140-41). The ALJ found that Plaintiff is capable of performing a significant number of jobs that exist in the national economy (Id.). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from May 24, 2011, the date the application was filed, through September 26, 2013, the date of the decision issued (Tr. 141).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision. The Appeals Council granted Plaintiff's request for review (Tr. 149-51). The Appeals Council issued an order remanding the case back to the ALJ with instructions to further develop the record and issue a new decision (Id.). In pertinent part, the order noted that the RFC required the option to sit or stand at will without leaving the workstation, as well as the option to elevate her legs 18 inches above the ground at will, but the ALJ failed to specify the required frequency or duration of these required changes in position (Id.). The order also noted that the ALJ gave great weight to Dr. Meade's opinion but the RFC did not accommodate Dr. Meade's opinion that Plaintiff can only sit in place for 30 to 60 minutes, stand in place for up to 15 minutes, and walk half a block to a block (Tr. 149).

On May 14, 2015, the ALJ conducted a video hearing from Baltimore, Maryland (Tr. 52-95, 156). Plaintiff and her attorney, Charles Dale Burchett, participated from Bowling Green, Kentucky (Id.). Martin A. Kranitz, testified as an impartial vocational expert during the hearing (Id.). In a decision dated July 23, 2015, the ALJ again evaluated Plaintiff's adult disability claim

pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 156-70). At the first step, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since May 24, 2011, the application date (Tr. 158). At the second step, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease; degenerative joint disease; obesity; asthma; chronic obstructive pulmonary disease (COPD); headaches, depressive disorder; and cocaine and cannabis dependence, in remission (Id.). Additionally, the ALJ concluded that Plaintiff's Barrett's esophagus and Gastro Esophageal Reflex Disease (GERD) are nonsevere impairments (Tr. 158-59). At the third step, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in Appendix 10 (Tr. 159).

At the fourth step, the ALJ again found that Plaintiff has the RFC to perform a reduce range of light work due to her physical and mental limitations(Tr. 161). The ALJ found that Plaintiff has no past relevant work (Tr. 169).

At the fifth step, the ALJ considered Plaintiff's RFC, age, education, and past work experience as well as testimony from the vocational expert (Tr. 169-70). The ALJ found that Plaintiff is capable of performing a significant number of jobs that exist in the national economy (Id.). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from May 24, 2011, the date the application was filed, through July 23, 2015, the date of the decision issued (Tr. 170).

On September 18, 2015, Plaintiff filed a request that the Appeals Council to review the ALJ's decision (Tr. 5-7). On September 1, 2016, the Appeals Council denied Plaintiff's request for review (Tr. 1-4).

## CONCLUSIONS OF LAW

### Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-4). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision). Thus, the Court will be reviewing the decision of the ALJ, not the Appeals Council, and the evidence that was in the administrative record when the ALJ rendered the decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993).

## The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. *See* "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the residual functional capacity to return to his or her past relevant work?

5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to

perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fifth step.

## Challenged Findings

Plaintiff challenges Finding No. 4 which sets forth the ALJ's assessment of Plaintiff's RFC (DN 13 PageID # 950-55). Plaintiff also challenges Finding No. 9 which sets forth the ALJ's determination that Plaintiff is capable of performing a significant number of jobs in the national economy given her age, education, work experience, and residual functional capacity (Id. PageID # 955). Finally, Plaintiff disagrees with the ALJ's determination that Plaintiff has not been under a disability since May 24, 2001, the date the application was filed (Id.).

## A

1. Plaintiff's Argument

Plaintiff asserts that Finding No. 4 is not supported by substantial evidence in the record (DN 13 PageID # 950-52). Plaintiff points out that the ALJ gave "great weight" to the examining source opinion of Dr. Meade which includes the following limitations: "should be able to stand in place for up to 15 minutes" and "should be able to walk one-half to one block" (Tr. 502). Plaintiff asserts that instead of including these limitations in the adjudged RFC, the ALJ decided that Plaintiff can "stand or walk for four out of eight hours" (Tr. 161). Plaintiff contends that the ALJ failed to either include Dr. Meade's durational restrictions for standing and walking at one time in the adjudged RFC or explain why they were not included (Id.).

Additionally, Plaintiff argues the physical RFC is inconsistent on its face because it includes the option to alternate between sitting and standing every half hour and the option to "elevate her leg eighteen inches above the ground at will" (Id. PageID # 952-53). Plaintiff

reasons that she cannot elevate her leg eighteen inches during the thirty minute intervals when she is standing (Id.). Plaintiff asserts that the residual functional capacity cannot be adhered to during the performance of full time work because there is no plausible means of incorporating both postural restrictions into the physical RFC for the time durations specified, (Id.).

Plaintiff notes that Social Security Ruling (SSR) 83-10 indicates light work "requires a good deal of walking or standing" (Id. PageID # 953). Plaintiff asserts that the adjudged RFC is most consistent with the performance of sedentary work because her ability to stand or walk is limited to four hours in an eight hour work day; she must alternate between sitting and standing at thirty minute intervals; and she must have the option to elevate her leg at will (Id. PageID # 953-55). Plaintiff argues that if her age, education, and absence of work experience are combined with a sedentary RFC then a finding of disabled is directed under Rule 201.09 in the Medical-Vocational Guidelines (Id.).

2. Defendant's Argument

Defendant responds to Plaintiff's first argument by asserting that Dr. Meade never specified how many total hours Plaintiff could sit or stand/walk, noting only that Plaintiff had a limited capacity to sit or stand/walk for thirty minutes at a time (DN 18 PageID # 967-68). Defendant reasons the limitation Dr. Meade did express would equate to four hours of sitting and four hours of standing/walking in a day, which is consistent with the ALJ's RFC (Id.). Defendant argues the ALJ's RFC finding is consistent with Dr. Meade's opinion, and to the extent that there is any discrepancy with regard to the standing/walking limitation, the ALJ properly identified the contrary evidence in the record that would suggest less restrictive limitations (DN 18 PageID # 968 citing Tr. 166).

Defendant answers Plaintiff's second argument by asserting that a common sense reading of the RFC indicates the option to elevate the leg "at will" would only apply when Plaintiff is seated (Id. PageID # 968-69). Defendant responds to Plaintiff's third argument by contending that the ALJ properly found Plaintiff could perform light, not sedentary work, based on her ability to lift and carry up to 20 pounds occasionally and 10 pounds frequently, sit up to six hours per day, and stand or walk up to four hours per day (Id. PageID # 969-70).

3. Discussion

The RFC finding is the Administrative Law Judge's ultimate determination of what a claimant can still do despite his or her physical and mental limitations. 20 C.F.R. §§ 416.945(a), 416.946. The Administrative Law Judge makes this finding based on a consideration of medical source statements and all other evidence in the case record. 20 C.F.R. §§ 416.929, 416.945(a), 416.946; Social Security Ruling 96-5p; Social Security Ruling 96-7p. Thus, in making the RFC finding the Administrative Law Judge must necessarily assign weight to the medical source statements in the record. 20 C.F.R. § 416.927(c). Medical opinions from non-treating source are weighed based on the examining relationship (or lack thereof), supportability, consistency, specialization, and other factors that tend to support or contradict the opinion. 20 C.F.R. § 416.927(c)(1)-(6); Gayheart v. Comm'r Soc. Sec., 710 F.3d 365, 376 (6th Cir. 2013).

On September 10, 2011, Dr. Meade performed a consultative orthopedic examination of Plaintiff (Tr. 500). In pertinent part Dr. Meade's opinion reads as follows:

> The patient should be able to *sit in place for 30-60 minutes*. The patient should be able to *stand in place for up to 15 minutes*. The patient should be able to *walk one-half to one block*. . . . The patient should be able to lift and carry 10-20 pounds. No limitations are anticipated with grasping and manipulating objects, hearing, or speaking.

9

> The patient may benefit from an assistive ambulation device such as a cane given the involvement of both knees, as if one knee were to lock up, she may fall.

(Tr. 502-03) (emphasis added). The ALJ accurately summarized the limitations expressed by Dr. Meade (Tr. 167). The ALJ then commented as follows:

> This opinion is granted **great weight** pursuant to 20 CFR 416.927, as it is based on an in-person examination of the claimant and is supported by the treatment notes and internal examination findings. **The residual functional capacity includes** the above limitations of light lifting and carrying, as well as **a sit/stand option consistent with the times provided by Dr. Meade**. However, I give little weight to the portion of the opinion discussing an assistive device. Dr. Meade was ambivalent in stating that the claimant may rather than does require such a device. Further, the claimant had a non-antalgic gait in the evaluation and her treatment notes show an only occasional disturbed gait. I additionally note that the residual functional capacity contains further postural and environmental restrictions not contemplated by Dr. Meade.

(Tr. 167) (emphasis added). Thus, the ALJ indicated that Plaintiff's RFC would include Dr. Meade's lifting and carrying limitations, would include a sit/stand option that is consistent with the sit/stand times articulated by Dr. Meade, but would not include any provision for the use of an assistive ambulation device. Further, the ALJ provided a two sentence explanation why Plaintiff's RFC would not include use of such a device.

The RFC is set forth in Finding No. 4, and it reads as follows:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except she can lift and carry twenty pounds occasionally and ten pounds frequently; **stand or walk for four out of eight hours; and sit for six out of eight hours**. The claimant can occasionally push and pull. She can occasionally climb stairs, balance, stoop, kneel, crouch, and crawl, but cannot climb ladders. The claimant can occasionally reach overhead bilaterally. She **has the option to change positions between sitting**

> *and standing every half hour*. The claimant *has the option to elevate her leg [sic] eighteen inches above the ground at will*. She cannot have concentrated exposure to fumes, dust, respiratory irritants, and hazards. The claimant is limited to simple routine tasks that are not fast-paced and that do not have strict production demands. She is limited to occasional contact with supervisors and coworkers, but no contact with the public. The claimant is limited to low stress work defined as a vocational decision-making and occasional changes in a work setting.

(Tr. 161) (emphasis added). The RFC indicates that Plaintiff "*has the option to change positions between sitting and standing every half hour*" (Tr. 161). Yet, Dr. Meade indicated Plaintiff should be able to "*sit in place for 30-60 minutes*" and "*stand in place for up to 15 minutes*" (Tr. 502). Thus, contrary to what the ALJ indicated in the body of the decision (Tr. 167), the sit/stand option in the RFC is not consistent with the 15 minute stand time articulated by Dr. Meade. To be consistent, the RFC would have to provide Plaintiff with the option to change position between sitting and standing every 15 minutes. Notably, the ALJ did not provide an explanation for finding that Plaintiff can stand for 30 minutes despite what Dr. Meade opined.

Additionally, Dr. Meade opined that Plaintiff should be able to "*walk one-half to one block*" (Tr. 502). This appears to be a limitation on how far Plaintiff can walk at one time as opposed to the total distance that Plaintiff can walk in an eight hour work day. The ALJ did not include this walking limitation in the RFC (Tr. 161) nor did she explain why this limitation was not included in the RFC[1] (Tr. 167).

---

1 Contrary to Defendant's assertion, the ALJ only provided an explanation why Plaintiff's RFC would not include a provision for an assistive ambulation device (Tr. 167). In the first of a two sentence explanation, the ALJ points out that Dr. Meade was ambivalent in stating that Plaintiff "may rather than does require such a device" (Id.). The second sentence begins with the adverb "further" which indicates the ALJ is reinforcing her previous statement with an additional reason for not including an assistive ambulation device (Id.). Specifically, Plaintiff had "a non-antalgic gait" during Dr. Meade's evaluation and "her treatment notes show an only occasional disturbed gait" (Id.).

These two omissions by the ALJ hinder a meaningful review of whether the ALJ properly applied the regulations in assigning great weight to the limitations in Dr. Meade's medical opinion. *See* Gayheart, 710 F.3d at 379. Further, they frustrate an attempt to determine whether the RFC is actually supported by substantial evidence in the record. The undersigned has carefully reviewed the record to assess whether the ALJ's omissions are harmless error.

At the fifth step, the Commissioner has the burden of demonstrating there exist a significant number of jobs in the local, regional and national economies that the claimant can perform, given his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v) and (g), 416.920(a)(4)(v) and (g); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 684 (6th Cir. 1992); Moon v. Sullivan, 923 F.2d 1175, 1181 (6th Cir. 1990); Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980). When, as here, a claimant's residual functional capacity does not coincide with all the criteria of a particular Grid Rule in Appendix 2 of the regulations, the Commissioner is limited to using the Grid Rule as a framework in the decision making process and must make a non-guideline determination based on the testimony of a vocational expert. 20 C.F.R. § 416.966(e); Born, 923 F.2d at 1174; Varley v. Sec'y of Health & Human Servs., 820 F.2d 777, 779 (6th Cir. 1987); Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 531, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983).

Here, the ALJ's hypothetical questions asked the vocational expert to consider an individual with the Plaintiff's age, education, work experience, and an RFC that included the ability to stand or walk for four out of eight hours, sit for six out of eight hours, and the option to change positions between sitting and standing every half hour (Tr. 84-86). The vocational expert

responded by identifying a number of jobs that could be performed by such an individual (Tr. 85-89). In Finding No. 9, the ALJ relied on the vocational expert's testimony to conclude that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform (Tr. 169-70).

Notably, not one of the ALJ's hypothetical questions to the vocational expert included the option to change position between sitting and standing *every 15 minutes* and the limit on walking one-half to one block at a time. The undersigned cannot determine whether the ALJ's finding at the fifth step is supported by substantial evidence in the record because of her failure to include these two limitations in a hypothetical question to the vocational expert or to provide an explanation why they were not included in the RFC.

Plaintiff has made additional arguments regarding Finding No. 4. But in light of the above determinations, the undersigned concludes that it is unnecessary to address the additional arguments.

Pursuant to sentence four of 42 U.S.C. § 405(g), the Court has the authority to reverse the final decision of the Commissioner and remand the case back to the Commissioner with instructions to consider additional evidence and conduct additional proceedings to remedy a defect in the original proceedings. Faucher v. Sec'y of Health & Human Servs., 17 F.3d 171, 175 (6th Cir. 1994).

## ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **REVERSED** and, pursuant to sentence four of 42 U.S.C. § 405(g), this matter is **REMANDED** back to the Commissioner for further proceedings.

Copies:    Counsel